UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN MALLGREN,

                Plaintiff,

-against-

JOHN DOE PRO SE COURT CLERKS,

                Defendants.

25-CV-2253 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

In an order dated May 4, 2016, the court barred Plaintiff from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining the court's leave to file. *Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016). The court issued that prefiling injunction because of Plaintiff's history of frivolous, vexatious, or otherwise nonmeritorious litigation in this court and in other federal courts. *Mallgren*, ECF 1:14-CV-1420, 5 (S.D.N.Y. Nov. 24, 2015) (order recounting Plaintiff's litigation history and directing Plaintiff to show cause why the court should not impose the abovementioned filing injunction).

Plaintiff submits this new civil action without prepayment of the filing fees, and the Court therefore assumes that he seeks to proceed IFP.[1] Because Plaintiff did not seek leave to file, as required by the order issued in *Mallgren*, No. 14-CV-1420, before bringing this action, the Court dismisses this action without prejudice.

## CONCLUSION

The Court dismisses the action without prejudice for failure to comply with the prefiling

---

[1] Plaintiff appears to seek relief in connection with an earlier suit, *Mallgren v. New York City*, 24-CV-07441 (KPF) (S.D.N.Y. Jan 28, 2025). Any request for relief in that matter, under Rule 60(b) of the Federal Rules of Civil Procedure or otherwise, must be submitted in that action rather than in a new complaint.

injunction set forth in *Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016), requiring Plaintiff to obtain leave of court to file a new civil action IFP.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this case.

SO ORDERED.

Dated:   March 19, 2025
           New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge